United States Court
Southern District of Texas
FILED

NOV 15 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § | CRIMINAL NO. H-18-cr-115-S3 |
| | § § § § | |
| RODOLFO "RUDY" DELGADO | § | |

## THIRD SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant Rodolfo "Rudy" DELGADO served as a district judge for the 93rd District Court of Texas, based in the town of Edinburg in Hidalgo County, Texas.

### Texas Judiciary Background

2. The Texas Constitution creates judicial districts and decrees that there shall be at least one judge in each district. The district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies" in Texas except those designated to other courts. As a judge for the 93rd Judicial District, DELGADO was an agent of the State of Texas.

3. DELGADO was elected to serve as a state district judge for the 93rd Judicial District in 2000, 2004, 2008, 2012 and 2016. DELGADO's responsibilities as a district judge include presiding over matters civil and criminal matters of Texas state law in the 93rd Judicial District and in other judicial districts of Texas by assignment.

4. As a district judge, DELGADO took an oath to uphold the Constitution of the United

States and the Constitution and laws of the State of Texas and to faithfully execute the duties of his office. Furthermore, the Texas Code of Judicial Conduct, which sets standards of conduct for the judges of Texas state courts, including the District Court for the 93rd Judicial District, requires judges to "participate in establishing, maintaining and enforcing high standards of conduct, and should personally observe those standards so that the integrity and independence of the judiciary is preserved. The Code of Judicial Conduct also requires that state judges "comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

5. At all times material to this Indictment the State of Texas received benefits in excess of $10,000 per year under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance.

Arrest and Bond Procedure

6. As part of his duties as a district judge, DELGADO oversaw cases involving defendants assigned to the 93rd District Court who were being supervised by the Hidalgo County Adult Probation Office. When one of those defendants was alleged to have violated the terms governing his or her community supervision, DELGADO issued orders authorizing the arrest of those defendants. Once the defendants were arrested, they were detained pending a hearing on the allegations that they violated the terms of their community supervision.

7. Under Texas law, defendants who are alleged to have violated the terms of their community supervision are not entitled to bail. However, as a district judge, DELGADO may, in his discretion, order that a defendant arrested pursuant to allegations that they violated the terms of their community supervision be released on bail pending the hearing. If DELGADO grants bail, DELGADO may order the defendant to post an amount of money, either in cash or through a surety,

to assure the defendant's appearance at the hearing. However, DELGADO may also release the defendant with a "personal bond," which is a promise by the defendant to pay a certain amount of money to the court if that defendant does not appear for future scheduled court dates, but does not require the defendant to post any amount of money with the court upon release.

8. When a defendant is released on bail, whether with a cash bond or a personal bond, the defendant may be required to adhere to conditions of release as dictated by DELGADO and the Hidalgo County Adult Probation Office.

## General Allegations

9. From in or about November 2008 through at least January 2018, in his position as a district judge for the 93rd District Court of Texas, DELGADO solicited, demanded, and accepted things of value from Attorney A, an attorney licensed in the State of Texas who practiced in the 93rd District Court, as well as other state and federal courts in Texas, in exchange for judicial actions taken by DELGADO in favor of Attorney A's clients who appeared before DELGADO, including on allegations that they violated the terms of their community supervision.

## Specific Allegations

### Person A

10. In or about June 2016, DELGADO signed an Order to Issue Capias for Arrest for Person A, an individual whose identity is known by the grand jury, based on a Motion to Revoke State Jail Felony Post Conviction Community Service filed by a Hidalgo County Assistant District Attorney.

11. On or about December 2016, Person A was arrested on the warrant issued on order of DELGADO and was detained in the Hidalgo County Jail.

12. In or about December 2016, Person A's attorney, Attorney A, paid DELGADO

approximately $260 in cash in exchange for DELGADO's agreement to release Person A on a personal bond.

13. On or about December 2016, Person A appeared before DELGADO for a bond revocation hearing. DELGADO granted Person A a $5,000 personal bond, and Person A was released from jail, pending a hearing in January 2017.

### Person B

14. In or about April 2017, DELGADO signed an Order to Issue Capias for Arrest for Person B, an individual whose identity is known by the grand jury, based on a Motion to Revoke State Jail Felony Post Conviction Community Service filed by a Hidalgo County Assistant District Attorney.

15. On or about November 2017, Person B was arrested on the warrant issued on order of DELGADO and was detained in the Hidalgo County Jail.

16. In or about November 2017, Person B's attorney, Attorney A, paid DELGADO approximately $260 in cash in exchange for DELGADO's agreement to release Person B on a personal bond.

17. On or about November 2017, Person A appeared before DELGADO for a bond revocation hearing. DELGADO granted Person B a $5,000 personal bond, and Person B was released from jail.

### Person C

18. In or about June 2017, DELGADO signed an Order to Issue Capias for Arrest for Person C, an individual whose identity is known by the grand jury, based on a Motion to Revoke State Jail Felony Post Conviction Community Service filed by a Hidalgo County Assistant District Attorney.

19. On or about January 2018, Person C was arrested on the warrant issued on order of DELGADO and was detained in the Hidalgo County Jail.

20. In or about January 2018, Person C's attorney, Attorney A, paid DELGADO approximately $5,500 in cash in exchange for DELGADO's agreement to release Person C on a personal bond.

21. On or about January 2018, Person A appeared before DELGADO for a bond revocation hearing. DELGADO granted Person C a $5,000 personal recognizance bond and Person C was released from jail.

## COUNT 1:
### Conspiracy – 18 U.S.C. § 371

22. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

23. From in or about January 2008 and continuing at least until in or about November 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the court, defendant

**RODOLFO "RUDY" DELGADO**

did knowingly and willfully combine, conspire, confederate and agree with Attorney A to commit offenses against the United States, including bribery concerning programs receiving federal funds, that is, to corruptly give, offer and agree to give things of value to DELGADO, an agent of the state of Texas, a government that received federal benefits in excess of $10,000 during each relevant one-year period, with the intent of influencing and rewarding DELGADO in connection with a transaction and series of transactions valued at $5,000 or more, that is the criminal matters of defendants represented by Attorney A in violation of 18 U.S.C. §371 and §666.

## Purpose of the Scheme

24. The purpose of the scheme was for DELGADO to use his position to enrich himself by soliciting and accepting gifts, payments, and other things of value from Attorney A in exchange for favorable official judicial action, and for Attorney A to enrich himself by obtaining favorable official judicial action for Attorney A's clients through bribery of DELGADO.

## Manner and Means

It was part of the conspiracy that:

25. Attorney A is a Texas attorney who regularly practiced before DELGADO.

26. During the course of the conspiracy, DELGADO would solicit money or other items of value from Attorney A.

27. During the course of the conspiracy, Attorney A paid DELGADO with money or other items of value in exchange for favorable judicial consideration. On some occasions, Attorney A would pay DELGADO a bribe after being solicited to do so. On other occasions, Attorney A would offer to pay and pay DELGADO a bribe on his own initiative.

28. Attorney A and DELGADO used the telephone to contact each other to set up meetings where a bribe could occur. The communications between Attorney A and DELGADO were *ex parte* communications that did not involve opposing counsel. These meetings occurred outside and away from the courthouse.

29. Attorney A and DELGADO would engage in transactions to purchase items at an inflated price to disguise the fact that they were actually conduits for the bribe payment.

30. The favorable judicial consideration provided by DELGADO included, but was not limited to, the dismissal of charges, the dismissal of cases, release from prison, reinstatement to community supervision, and personal recognizance bonds valued at $5,000 apiece in lieu of

incarceration.

## Overt Acts

In furtherance of the conspiracy, and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Texas.

31. During the course of the conspiracy, in or about November 2008, DELGADO appropriated a truck, valued at approximately $15,000, from Attorney A. Attorney A acquiesced in DELGADO's taking of the truck in exchange for favorable consideration on a case involving an individual with the initials E.M. that was pending on DELGADO's docket. In exchange for the truck, DELGADO provided favorable judicial consideration for Attorney A's client.

32. On other occasions, Attorney A paid DELGADO cash, usually approximately $250 each time, in exchange for DELGADO taking specific official judicial action in favor of one of Attorney A's clients, who had a matter pending before DELGADO.

33. Attorney A represented an individual with the initials S.G. in a criminal case pending before DELGADO. Attorney A paid DELGADO a bribe in exchange for favorable judicial consideration. DELGADO accepted the bribe and agreed to provide favorable judicial consideration.

34. Attorney A represented an individual with the initials J.R. in a criminal case pending before DELGADO. Attorney A paid DELGADO a bribe in exchange for favorable judicial consideration. DELGADO accepted the bribe and agreed to provide favorable judicial consideration.

35. Attorney A represented an individual with the initials S.M. in a criminal case pending before DELGADO. Attorney A paid DELGADO a bribe in exchange for favorable judicial consideration. DELGADO accepted the bribe and agreed to provide favorable judicial consideration.

36. Attorney A represented an individual with the initials M.N. in a criminal case pending before DELGADO. Attorney A paid DELGADO a bribe in exchange for favorable judicial

consideration. DELGADO accepted the bribe and agreed to provide favorable judicial consideration.

All in violation of Title 18, United States Code, Sections 371 and 666.

## COUNT 2:
### Federal Program Bribery – 18 U.S.C. § 666(a)(1)(B)

37. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

38. From at least in or about January 2016, up to and including in or about December 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

the elected district judge for the 93rd District Court of Texas, did willfully, knowingly, and corruptly, solicit and demanded for his own benefit, and accepted and agreed to accept something of value, that is, cash from Attorney A, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Texas valued at $5,000 or more, that is, the criminal matter of Person A, and during that same one-year period the State of Texas received benefits in excess of $10,000 under Federal programs involving a grant, contact, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 3:
## Federal Program Bribery – 18 U.S.C. § 666(a)(1)(B)

39. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

40. From at least in or about January 2017, up to and including in or about December 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

the elected district judge for the 93rd District Court of Texas, did willfully, knowingly, and corruptly, solicit and demanded for his own benefit, and accepted and agreed to accept something of value, that is, U.S. currency from Attorney A, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Texas valued at $5,000 or more, that is, the criminal matter of Person B and during that same one-year period the State of Texas received benefits in excess of $10,000 under Federal programs involving a grant, contact, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 4:
## Federal Program Bribery – 18 U.S.C. § 666(a)(1)(B)

41. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

42. From at least in or about March 2017 up to and including in or about February 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

the elected district judge for the 93rd District Court of Texas, did willfully, knowingly, and corruptly, solicit and demanded for his own benefit, and accepted and agreed to accept something of value, that is, U.S. currency from Attorney A, intending to be influenced and rewarded in connection with a

business, transaction, and series of transactions of the State of Texas valued at $5,000 or more, that is the criminal matter of Person C, and during that same one-year period the State of Texas received benefits in excess of $10,000 under a Federal program involving a grant, contact, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 5:
### Travel Act – 18 U.S.C. § 1952(a)(3)

43. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

44. On or about December 13, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce, namely a telephone and a wire and electronic communication, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas Penal Code § 36.02, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of the above unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT 6:
### Travel Act – 18 U.S.C. § 1952(a)(3)

45. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

46. On or about November 27, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce, namely a telephone and a wire and electronic communication, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas Penal Code § 36.02, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of the above unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT 7:
### Travel Act – 18 U.S.C. § 1952(a)(3)

47. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

48. On or about January 17, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**RODOLFO "RUDY" DELGADO,**

knowingly and willfully did use and cause to be used a facility in interstate and foreign commerce, namely a telephone and a wire and electronic communication, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas

Penal Code § 36.02, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of the above unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT 8:
## Obstruction of Justice – 18 U.S.C. § 1512(c)(2)

49. Paragraphs 1 through 21 of this Indictment are re-alleged as if fully set forth herein.

50. As is described in Paragraph 20 above, in or about January 2018, Attorney A paid DELGADO approximately $5,500 in cash in exchange for DELGADO's agreement to release Person C on a personal bond. The $5,500 in cash paid by Attorney A to DELGADO was comprised of approximately 75 separate bills stacked together in an envelope and was approximately one half-inch thick.

51. In or about January 2018, after receiving the $5,500 bribe payment from Attorney A in approximately 75 separate bills, DELGADO was informed by other persons that he was under federal investigation for receiving bribes.

52. On or about January 29, 2018, in the Southern District of Texas, DELGADO sent a text message to Attorney A which stated:

> Good evening, please call me. The campaign contribution needs to be by check. I need to return that to you so you can write a check. Sorry about the confusion, I thought you knew and I did not open the envelope until today.

53. When DELGADO sent this text message he knew the statements in it were false because he knew that the $5,500 bribe payment from Attorney A was paid in cash when he received it and because DELGADO knew that the cash was a bribe paid to him in exchange for judicial

action, not a campaign contribution.

54. On or about January 29, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the court, the defendant,

**RODOLFO "RUDY" DELGADO,**

did corruptly obstruct, influence, and impede an official proceeding, that is, a Federal grand jury proceeding, and attempted to do so by, among other things, sending a text message to Attorney A that falsely claimed that the $5,500 cash bribe DELGADO received from Attorney A was a campaign contribution and that DELGADO did not realize that the approximately one-half inch thick envelope with approximately 75 bills was not a check.

All in violation of Title 18, United States Code, Section 1512(c)(2).

## NOTICE OF CRIMINAL FORFEITURE
## 18 U.S.C. § 982(a)(3)

55. Pursuant to Title 18, United States Code, Section 982(a)(3), the United States gives notice to the defendant,

**RODOLFO "RUDY" DELGADO,**

that upon conviction of an offense in violation of Title 18, United States Code, Sections 666(a)(1)(B), as charged in Counts Two through Four of this Indictment, all property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such offense, is subject to forfeiture.

## NOTICE OF CRIMINAL FORFEITURE
## 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

56. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendant,

**RODOLFO "RUDY" DELGADO,**

that upon conviction of an offense in violation of Title 18, United States Code, Section 1952, as charged in Counts Five through Seven of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

## Property Subject to Forfeiture

The property subject to forfeiture is approximately $21,020.00. In the event that a condition listed in Title 21, United States Code, Section 853 exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture. The United States may seek the imposition of a money judgment.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

RYAN K. PATRICK
United States Attorney
Southern District of Texas

Arthur R. Jones
Assistant United States Attorney
Southern District of Texas

For
Robert Guerra
Assistant United States Attorney
Southern District of Texas

ANNALOU TIROL
Acting Chief
Public Integrity Section

Peter M. Nothstein
Trial Attorney
Public Integrity Section, Criminal Division
Email: Peter.Nothstein@usdoj.gov