UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATED OF AMERICA § | |
| § | |
| v. § | CASE NUMBER 18-CR-115 |
| § | |
| RODOLFO "RUDY" DELGADO § | |

**MOTION TO RECONSIDER CHANGE OF VENUE
FOR TRIAL PURPOSES ONLY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RODOLFO "RUDY" DELGADO, Defendant, by and through his undersigned counsel, and files this Motion to Reconsider Change of Venue for Trial Purposes Only to the McAllen Division of the Southern District of Texas, and states the following in support there of:

**I. Relief Sought.**

A hearing was held on Defendant's Amended Motion to Change Venue for Trial Purposes Only. To undersigned counsel's recollection, the Court questioned the extent of legal or administrative bases to grant Defendant's motion insofar as it requests transfer from one division to another within the same district. Ultimately, the Court denied Defendant's motion. For several reasons described below, Defendant respectfully requests reconsideration of Defendant's motion.

**II. New Policy in Southern District of Texas.**

On January 15, 2019, undersigned counsel received an email from the "Texas Southern District Court" (ecf@txsd.uscourts.gov) that stated the following:

> The United States District Court for the Southern District of Texas solicits public comment on proposed Criminal Local Rule 18 - Place of Trial Within the District.
>
> The proposed Criminal Local Rule can be reviewed on the court's web site:
> https://www.txs.uscourts.gov/content/request-public-comment-proposed-local-rule-crlr-18

>Comments may be sent to district_comment@txs.uscourts.gov
>The deadline for comments is Friday, February 15, 2019.

Undoubtedly, this Court is aware of the email and its content. The email announced a proposed Criminal Local Rule 18, which directly addresses transfers of cases from one division to another within the Southern District of Texas. More specifically, the proposed rule would expressly permit an intra-district transfer if (a) the judge finds that the case was not filed in the proper Division, or (b) the transfer to a different Division would be in the interests of justice, based on the convenience of the defendant and the witnesses and on the prompt administration of justice. Notably, the prosecution's unilateral discretionary choice to seek indictment in a particular division is NOT listed as a factor in the court's decision. The phrase "prompt administration of justice" has been typically interpreted in terms of the timeliness of trial.

As was evident from the hearing on this issue, the Government's sole reason for filing the instant case in Houston, rather than McAllen, was the perceived fear of juror bias in McAllen. The Government could not demonstrate any evidentiary connection (documentary, witness, or otherwise) between Houston and the instant case.  The multiple indictments returned in the instant case collectively describe acts which allegedly form the basis for three distinct charges of Bribery, three distinct charges of Travel Act violations, and a charge of Obstruction of Justice. The three alleged charges of Bribery (the alleged receipt of cash by Defendant in Hidalgo County, Texas, in exchange for an official act taken by Defendant in his capacity as a Texas state elected judge sitting in a Hidalgo County court) and the alleged charge of Obstruction of Justice (the alleged transmission of a communication from Defendant to an attorney) all describe conduct which wholly occurred within the McAllen Division, specifically Hidalgo County, Texas. The three alleged Travel Act violations all are based on an alleged transmittal of communication via "a

telephone and a wire" for the alleged purpose to promote the commission of the same three Bribery charges (i.e., the payment of cash in exchange for an official act), with the added jurisdictional fact of the State of Texas' receipt of federal funds.

For this reason alone, Defendant submits that the filing of the instant case in Houston, albeit a technically legal discretionary act on the part of the Government, was not a filing in the "proper Division." The revision of this Court's local rules makes evident that Courts within the Southern District need not feel constrained by the Government's unilateral choices of forum. The proposed local rule, which will undoubtedly be incorporated into approved rules of the court, encourages courts to examine the defendant's place of residence, the location of witnesses, and the situs of the alleged crimes. All of these factors point toward the McAllen Division as the site of trial. The Government's fear of a perceived probability of bias has no evidentiary basis, particularly where all other notable prosecutions involving alleged corruption have been brought in the Division where the crime allegedly occurred. *See* attachment to Defendant's Amended Motion to Change Venue of Trial at Docket No. 59.

In addition to all of the factors described above and in Defendant's initial and amended motions to change venue, Defendant offers additional information for the Court to consider.

### III. Hardship on Defendant, Witnesses and Defendant's Family.

After the hearing held before this Court, numerous persons provided undersigned counsel with statements relative to their health, caregiver and other factors which significantly impact their ability to travel to Houston for trial in the instant case. These statements are attached to this motion as Attachment A. Additionally, we anticipate Defendant will call as a witness Dr. Luis Delgado, Jr., Defendant's brother, who is a physician practicing in McAllen. Dr. Delgado wrote an email that outlines the medical issues that Defendant Delgado's family members currently face. This

email is copied on Attachment B to this motion. Indeed, it is evident that there are significant issues that his family members are facing, rendering it impossible to travel the 13-hour + round trip from McAllen to Houston and back, in addition to not being healthy enough to remain in Houston for any period of time. Plus, the necessity of Dr. Delgado having to leave his practice of medicine by having to travel to Houston, where there is no compelling reason given by the Government to warrant such an intrusion, is an unwarranted hardship on scores of people caused by the Government's perceived and unfounded fear.

As was presented to this Court, the Seventh Circuit Court of Appeals recently recognized the important value of a defendant's "support system" he would lose if not allowed to face trial in the area of his residence. *United States v Orona-Ibarra,* 831 F.3d 867, 872-73 (7th Cir. 2016).

> While the Supreme Court has not set forth a comprehensive discussion of the values protected by the constitutional venue provisions, it has identified some. ***These include the protection of a defendant from prosecution in a place far from his home and the support system that is necessary to mount an adequate defense. . .*** Given the nature of the right, there is no mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account the site of the defendant's acts, the elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of the district for fact-finding. These are real limitations: ***the Court has cautioned that venue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of tribunal favorable to it."***

*Id.* at 872, emphasis added & citations and quotes omitted.

Defendant urges this Court to reconsider its ruling. Although the proposed change of local rules is not yet in effect, there is little doubt that it will be by the time of trial. It is now evident that this Court has the full authority of local rules to order transfer of the instant case to the McAllen Division.

As was found by a district court in the Houston Division in a different case, the Government has not offered any evidence from which this Court can conclude that maintaining the case in

4

Houston would serve the need for the prompt administration of justice, nor outweigh the Rule 18 convenience factors that all favor granting Defendant Delgado's request.[1]  Similarly, that same Court made findings that are starkly similar to the instant case:

> *Because as explained in Garza, 593 F.3d at 385, Rule 18 presumes that a case should be tried where the offenses at issue were committed, because the offenses at issue are all alleged to have occurred in Laredo, because the defendants and the witnesses all live in Laredo or close thereto, and because the case has no apparent ties to Houston that would serve the need for the prompt administration of justice, Montemayor's motion to transfer to Laredo will be granted.*

*Id.* at **10-11.

## IV. Request for Reconsideration.

Defendant requests the Court to reconsider all arguments previously made, including those set forth in Defendant's Amended Motion to Change Venue, filed at Docket No. 59.  The pertinent factors in the instant case overwhelmingly favor trial in the McAllen Division. The alleged offenses involve (a) the purported payment of cash on multiple occasions by an attorney to a judge in exchange for the judge's official acts in connection with persons on "community supervision"

---

[1] The Court made the following findings which are important to analysis of the instant case:

> *In light of the Government's failure to show that this case has any ties to Houston and the Government's failure to dispute the facts on which Montemayor bases his argument that all of the relevant factors weigh in favor of holding trial in Laredo, the court concludes that the convenience factors all support granting Montemayor's motion. As to the prompt administration of justice, Montemayor has agreed to waive his speedy trial rights; and because the court has made only a few rulings in this case, the court is not particularly familiar with the case. Moreover, the Government has not offered any evidence from which the court could conclude that maintaining the case in Houston would serve the need for the prompt administration of justice, or outweigh the Rule 18 convenience factors that all favor granting Montemayor's motion to transfer.*

*See United States v. Montemayor,* No. H-13-0039, 2013 U.S. Dist. LEXIS 116499, *10 (S.D. Tex. Aug. 16, 2013).

5

in then-pending criminal cases (that is, persons supervised by probation officers in connection with their sentences); (b) the purported purchase of items at an inflated price; and (c) the judge's purported obstruction of justice by sending a communication to an attorney relative to the cash that the attorney had given to the judge. The state-court criminal cases that are the subject of the indictment all involve different state prosecutors and/or probation officers. During the time of meetings between the attorney and Mr. Delgado, Mr. Delgado was an active candidate in a contested political race for an appellate judgeship in the McAllen, Texas area, and thus in a position to receive donations. Mr. Delgado also assisted in operating a foundation in the name and honor of his deceased son; the foundation gave annual scholarships to students, drawn from an annual fundraising auction.

Undersigned counsel and Defendant anticipate that a minimum of fifteen substantive witnesses will be called by the defense at trial. All of these witnesses live and work in the McAllen area. As this Court is aware, every trial, and in particular every trial that lasts two weeks or longer, carries a relatively unpredictable flow and pace from day to day. This affects an attorney's decisions as to the order of witnesses, the length of witness examination, whether a witness' testimony can be completed in one day or more, etc. Conducting a trial in Houston will necessarily impact to a significant degree the availability of witnesses for the Defendant. Contemplating a six-hour or more drive one way from McAllen to Houston, with the possibility that a certain witness or witnesses will not go on the stand at the time or on the day anticipated, will cause great inconvenience to the witnesses from McAllen. Whereas if trial were to occur in McAllen, such witnesses could remain "on call", minutes away from the courthouse, and could thereby continue with their obligations and responsibilities to their employers, businesses and families. A trial in Houston would not lend itself to placing a witness "on call" and allowing the witness to resume

6

with his/her life in the interim. This necessarily affects the willingness and/or ability of witnesses to appear in Houston to testify on behalf of the Defendant. The distance between McAllen, Texas, and Houston, Texas is over 350 miles, and takes approximately six hours to drive from one location to the other, assuming no significant delay caused by traffic. None of the acts at issue occurred in Houston, Texas.

Trial in Houston will cause significant inconvenience to Defendant in terms of expense and the detriment of being away from his residence, and it would deprive him of available witnesses, a valuable support system for him and his attorney, and the availability of family and friends to provide support during trial. Through the Government's unilateral choice of venue in filing the case in Houston, Defendant will be effectively deprived of a jury of his peers, who would understand the cultural, ethnic and locally-unique nuances which the Constitution and Courts have recognized as crucial to an accused. Moreover, public policy dictates that persons should face trial in the situs of where the crime occurred. All of the factors listed in Rule 18 weigh heavily in favor of transfer to McAllen for trial purposes. For all the reasons set forth above, including public policy reasons which focus on the actual situs of the crimes charged, Defendant respectfully urges this Court to transfer the instant case to McAllen for trial purposes only.

Wherefore, premises considered, Defendant requests that the Court transfer the situs of trial in the instant case to the McAllen Division, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Michael McCrum
Michael McCrum
MCCRUM LAW OFFICE
404 E. Ramsey Road, Suite 102

        San Antonio, TX 78216
        (210) 225-2285
        (210) 225-7045 (fax)
        michael@mccrumlegal.com

**CERTIFICATE OF CONFERENCE**

As the Government expressed in Court, the Government opposes transfer of trial to the McAllen Division.

*/s/ Michael McCrum*
Michael McCrum

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Amended Motion to Change Venue has been filed electronically on this 22nd day of January 2019 and a copy sent to the United States Attorney's Office, and all other counsel through the Court's electronic filing system.

*/s/ Michael McCrum*
Michael McCrum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATED OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 18-CR-115 |
| | § | |
| RODOLFO "RUDY" DELGADO | § | |

## ORDER

On this date came on to be considered the Defendant's Motion to Reconsider Change of Venue for Trial Purposes Only. The Court finds the motion is well-founded and should be granted.

IT IS HEREBY ORDERED that Defendant Rodolfo "Rudy" Delgado's Motion to Reconsider Change of Venue for Trial Purposes Only is granted, and trial of the instant case shall occur in the McAllen Division. All proceedings other than trial shall continue to occur in the Houston Division. By separate order, the Court will enter findings of fact and conclusions of law.

SIGNED AND ENTERED, on this the _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE