UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RODOLFO "RUDY" DELGADO | ) | CRIMINAL NO. 4:15-cr-118 |
| | ) | Hon. Alfred H. Bennett |
| | ) | |
| **Defendant.** | ) | |
| _____) | | |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S
AMENDED MOTION FOR CHANGE OF VENUE FOR TRIAL PURPOSES ONLY**

The United States of America, by and through the United States Attorney, Ryan K. Patrick and Assistant United States Attorneys for the Southern District of Texas Arthur R. Jones and Robert Guerra, and Department of Justice, Public Integrity Section Acting Chief AnnaLou Tirol and Trial Attorney Peter M. Nothstein, hereby submits its Response to Defendant's Motion to Reconsider Change of Venue for Trial Purposes Only [Dkt. 76].

As is more fully explained herein, the defendant's motion should be denied because it does not question the correctness of this Court's order denying the defendant's Amended Motion for Change of Venue for Trial Purposes Only [Dkt. 59], it does not allege that this Court made manifest errors of law or fact, and it alleges only a *proposed* change in the applicable Local Rules, not an intervening change in the controlling law.

**I.   LEGAL ANALYSIS**

   **A. The Motion Should be Denied because it Does Not Allege Manifest Errors of Law or Fact.**

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). It "is not the

proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*.

The defendant's motion asserts no basis to "call into question the correctness of the judgment." *Id*. It does not allege any "manifest error of law or fact" or "present any newly discovered evidence." *Id*. The defendant's motion asserts that there is new information for this Court to consider. Plainly, there is not. The defendant alleges that members of his family may not be able to attend. Dkt. 76 at 3-5. This was already considered by the court. Dkt. 59 at 8, 19, Dkt. 59-2 at 2. The defendant alleges that the case has more significant ties to McAllen than it does to Houston. Dkt. 76 at 3. This was already considered by the Court. Dkt. 59 at 4-8. The defendant alleges that the anticipated defense witnesses are located in McAllen, not Houston. Dkt. 76 at 16. This was already considered by the Court. Dkt. 59 at 15-19.

This Court should deny the defendant's motion because it does not allege a material error of law or fact, and this Court made no such error.

### B. The Motion Should be Denied because it Does Not Allege or Prove an Intervening Change in the Controlling Law.

A motion for reconsideration also allows a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). However, the defendant's motion does not allege a change in the controlling law—it asserts a *proposed* change to a local rule regarding the charging and transfer of cases within divisions in the Southern District of Texas. The defendant relies on a proposed rule that has not been approved, adopted, or enacted; it has only been submitted for comment. The public comment stage of the rulemaking process is intended to allow various stakeholders to provide input on the proposed rule so that the rulemaking body can consider whether or not to

adopt the rule. The process anticipates that the rule may never be adopted. Notably, the deadline for public comments to the proposed rule was more than three weeks away—February 15, 2019— when the defendant filed his motion. This is not an "intervening change to the controlling law" and is not a basis for this Court to reconsider its proper exercise of discretion in denying the defendant's Motion to Change Venue for Trial Purposes Only [Dkt. 59]. Even if this local rule had been enacted, it would not require the Court to grant the defendant's change of venue motion; it would simply give the Court additional guidance on how to apply its discretion, as it already did in this case in denying the Motion to Change Venue for Trial Purposes Only.

This Court should deny the defendant's motion because there has been no intervening change to the controlling law.

## II.  CONCLUSION

For the reasons stated herein, the government respectfully requests that the Defendant's Motion to Reconsider Motion to Change Venue be DENIED.

DATED: February 11, 2019

Respectfully submitted,

| | |
|---|---|
| RYAN PATRICK<br>UNITED STATES ATTORNEY | ANNALOU TIROL<br>ACTING CHIEF<br>PUBLIC INTEGRITY SECTION |
|     /s/<br>Arthur R. Jones<br>Assistant United States Attorney<br>Southern District of Texas<br>Direct Line: (713) 567-9357<br>Email: Arthur.Jones@usdoj.gov |     /s/<br>Peter M. Nothstein<br>Trial Attorney<br>Public Integrity Section<br>Criminal Division<br>Direct Line: (202) 616-2401<br>Email: Peter.Nothstein@usdoj.gov |
| Robert Guerra<br>Assistant United States Attorney<br>Southern District of Texas<br>Direct Line: (956) 992-9354<br>Email: Robert.Guerra@usdoj.gov | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2019, I served a copy of the United States of America's Response to Defendant's Amended Motion for Change of Venue on Michael McCrum, counsel for the defendant, Rodolfo "Rudy" Delgado, via CM-ECF.

Dated: February 11, 2019

/s/
Arthur R. Jones
Assistant United States Attorney
Southern District of Texas
(Houston Division)
Direct Line: (713) 567-9357
Email: Arthur.Jones@usdoj.gov

/s/
Peter M. Nothstein
Trial Attorney
Public Integrity Section
Criminal Division
Direct Line: (202) 616-2401
Email: Peter.Nothstein@usdoj.gov

Robert Guerra
Assistant United States Attorney
Southern District of Texas
(McAllen Division)
Direct Line: (956) 992-9354
Email: Robert.Guerra@usdoj.gov