UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RODOLFO "RUDY" DELGADO ) | CRIMINAL NO. 4:15-cr-118 |
| ) | Hon. Alfred H. Bennett |
| ) | |
| Defendant. ) | |
| _____) | |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED
MOTION TO RECONSIDER CHANGE OF VENUE FOR TRIAL PURPOSES ONLY**

The United States of America, by and through the United States Attorney, Ryan K. Patrick and Assistant United States Attorneys for the Southern District of Texas Arthur R. Jones and Robert Guerra, and Department of Justice, Public Integrity Section Acting Chief AnnaLou Tirol and Trial Attorney Peter M. Nothstein, and hereby submits its Response to Defendant's Amended Motion to Reconsider Change of Venue for Trial Purposes Only [Dkt. 82].

As is more fully explained herein, the defendant's amended motion should be denied because it does not question the correctness of this Court's order denying the defendant's Amended Motion for Change of Venue for Trial Purposes Only [Dkt. 59], insofar as it does not allege that this Court made manifest errors of law or fact.

**I.    LEGAL ANALYSIS**

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc*., 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*.  Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*.

The defendant's motion for reconsideration, including the new arguments presented in the amendments to the motion for reconsideration, should be denied because it asserts no basis to "call into question the correctness of the judgment" and does not allege any "manifest error of law or fact" or "present any newly discovered evidence." *Id.*

### A. The Amended Motion Should be Denied because it Does Not Allege Manifest Errors of Law or Fact.

The amendments to the motion for reconsideration assert one additional fact—that an unrelated public corruption case was recently charged in the McAllen Division of the Southern District of Texas. This new fact does not call into question the correctness of the Court's judgment. After all, the defendant's Amended Motion for Change of Venue for Trial Purposes Only, which this Court denied, already pointed to several other public corruption cases brought in the McAllen Division. *See* Amended Mot. [Dkt. 59] at Ex. A.

Furthermore, the recently-charged case is dissimilar from the instant case for several reasons. First, two of the public officials referenced by the defendant, Leonel Lopez, Jr. and Gerardo Tafolla, pleaded guilty in separate cases; they were not indicted as was defendant Delgado. Second, of the four individuals charged together in that case, only one—Daniel Garcia—is a *current* public official, serving as a member of the Rio Grande Independent School District Board of Trustees, and the allegations against defendant Garcia do not relate to his work in such capacity. Similarly, the allegations against defendant Arturo C. Cuellar, Jr., a former Hidalgo County Commissioner, do not relate to his former position. Of the indicted defendants, only John F. Cuellar is alleged in the indictment to have taken bribes in exchange for official acts, and he has not served on the Weslaco City Commission for more than two years. Finally, the superseding indictment alleges conspiracies and other crimes that ran for several years, but that ended in December 2016.

This case is far different. The defendant in this case is alleged to have taken bribes in his capacity as a sitting district court judge, a position he held while he was being investigated until his arrest in February 2018. During much of the investigation, the defendant was also an active candidate for the 13th Circuit Court of Appeals, a position he was elected to while the present charges were pending.

This Court should deny the defendant's amended motion because the defendant has not asserted a manifest error of fact.

### B. The Amended Motion Should be Denied because it Does Not Allege an Intervening Change in the Controlling Law.

A motion for reconsideration also allows a party to bring to the Court's attention an intervening change in the controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). The defendant's amendments to the motion for reconsideration points to one case, not previously cited, with a wholly different and completely inapposite factual and procedural posture. Mot. at 4; *United States v. Parr*, 225 F.2d 329 (5th Cir. 1955).[1] In *Parr*, the District Court transferred a case from one division within the Southern District of Texas to another due to widespread and unfavorable media attention over the objection of the government. 225 F.2d at 332. After the transfer, the government charged the defendant with the same conduct in the Western District of Texas and moved to dismiss the original indictment in the Southern District of Texas. *Id*. The defendant appealed the dismissal to the Fifth Circuit and U.S. Supreme Court, both of which denied his appeal. *Id*.; *Parr v. United States*, 351 U.S. 513 (1956). *Parr* does not instruct this Court that its original decision on the motion to transfer was erroneous.

---

[1] Insofar as *Parr* was decided more than 60 years ago, it patently does not represent a *change* in the intervening law since this Court's denial of the Amended Motion for Change of Venue for Trial Purposes Only in October 2018.

Nevertheless, the defendant argues that a statement from the dissent in this factually and procedurally distinguishable case compels this Court to overturn its previous denial of the motion to recuse. It does not. None of what happened in *Parr* happened in this case. In this case, the government decided to conduct the grand jury investigation of a sitting state judge from a Division other than the one in which he sat to protect the integrity of the investigation and prosecution. One of the government's legitimate concerns was that in a small community such as the one comprising the McAllen Division, the target might somehow learn of the investigation. As is shown by Count Eight of the indictment, those concerns were well founded. Once the government decided to bring charges against the defendant, it did so in the Division where the investigation was conducted due to the defendant's notoriety and the media attention the case had received. These decisions were made for proper purposes. More importantly, venue is unquestionably proper in the Southern District of Texas.

This Court should deny the defendant's amended motion because there has been no intervening change to the controlling law.

## II. CONCLUSION

For the reasons stated herein, the government respectfully requests that the Defendant's Amended Motion to Reconsider Motion to Change Venue be DENIED.

DATED: May 11, 2019

Respectfully submitted,

| | |
|---|---|
| RYAN PATRICK<br>UNITED STATES ATTORNEY | ANNALOU TIROL<br>ACTING CHIEF<br>PUBLIC INTEGRITY SECTION |
|    /s/<br>Arthur R. Jones<br>Assistant United States Attorney<br>Southern District of Texas |    /s/<br>Peter M. Nothstein<br>Trial Attorney |

(Houston Division)
Direct Line: (713) 567-9357
Email: Arthur.Jones@usdoj.gov

Robert Guerra
Assistant United States Attorney
Southern District of Texas
(McAllen Division)
Direct Line: (956) 992-9354
Email: Robert.Guerra@usdoj.gov

Public Integrity Section
Criminal Division
Direct Line: (202) 616-2401
Email: Peter.Nothstein@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of May 2019, I served a copy of the United States of America's Response to Defendant's Amended Motion to Reconsider on Michael McCrum, counsel for the defendant, Rodolfo "Rudy" Delgado, via CM-ECF.

Dated: May 11, 2019

| /s/ | /s/ |
|---|---|
| Arthur R. Jones | Peter M. Nothstein |
| Assistant United States Attorney | Trial Attorney |
| Southern District of Texas | Public Integrity Section |
| (Houston Division) | Criminal Division |
| Direct Line: (713) 567-9357 | Direct Line: (202) 616-2401 |
| Email: Arthur.Jones@usdoj.gov | Email: Peter.Nothstein@usdoj.gov |

Robert Guerra
Assistant United States Attorney
Southern District of Texas
(McAllen Division)
Direct Line: (956) 992-9354
Email: Robert.Guerra@usdoj.gov