United States District Court
Southern District of Texas
**ENTERED**
June 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | CRIMINAL ACTION NO. 4:18-CR-115 |
| RODOLFO RUDY DELGADO | | |

## ORDER

Before the Court are Defendant's Amended Motion to Reconsider Change of Venue for Trial Purposes Only (the "Motion to Reconsider") (Doc. #82), the Government's Response (Doc. #83), Defendant's Amended Motion for Change of Venue for Trial Purposes Only (the "Motion for Change of Venue") (Doc. #59), the Government's Response (Doc. #61), Defendant's Reply (Doc. #62), and the Court's October 19, 2018 ruling from the bench denying Doc. #59. Having reviewed the parties' briefing, oral arguments, and applicable legal authority, the Court grants Defendant's Motion to Reconsider and, upon reconsideration, grants Defendant's Motion for Change of Venue.

District courts are free to reconsider their earlier decisions in criminal cases and may seek guidance from the standards set forth in the Federal Rules of Civil Procedure for motions for reconsideration. *United States v. CITGO Petroleum Corp.*, CRIM.A. No. C-06-563, 2011 WL 3269688, at *1 (S.D. Tex. July 27, 2011) (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). Under the Federal Rules of Civil Procedure, an "intervening change in the controlling law" may warrant the reconsideration of a motion. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

On October 19, 2018, this Court denied Defendant's Motion for Change of Venue from the bench. Subsequently, the Southern District of Texas adopted Local Criminal Rule 18. The Rule provides that,

on the motion of a party, a district court "may transfer the case to a different Division in the District, if, after notice to the parties and an opportunity for them to be heard, the judge finds that the case was not filed in the proper Division or that transfer to a different Division would be in the interests of justice, based on the convenience of the defendant and the witnesses and on the prompt administration of justice." S.D. Tex. Local Criminal Rule 18(D). The transferor judge may order that he or she will continue to handle the case after its transfer to another Division. *Id.*

Adoption of Local Criminal Rule 18 constitutes an intervening change in the controlling law governing transfers of criminal cases from one Division to another in the Southern District of Texas. *See Schiller*, 342 F.3d at 567. Therefore, reconsideration of Defendant's Motion for Change of Venue is warranted, and the Court grants Defendant's Motion to Reconsider.

Here, the Government does not contest that the alleged criminal conduct underpinning the indictment was committed within the McAllen Division. As a result, transfer of this case to the McAllen Division for trial purposes only is in the interests of justice.

For the foregoing reasons, Defendant's Amended Motion to Reconsider Change of Venue for Trial Purposes Only is hereby GRANTED. Furthermore, the Court's October 19, 2018 ruling from the bench denying Doc. #59 is VACATED, Defendant's Amended Motion for Change of Venue for Trial Purposes Only is GRANTED, and the case is hereby TRANSFERRED to the McAllen Division for trial purposes only. Judge Alfred H. Bennett will continue to preside over the case after transfer.

It is so ORDERED.

JUN 1 0 2019

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge