UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 18-CR-00115 |
| | § | |
| RODOLFO "RUDY" DELGADO, | § | |
| DEFENDANT | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant presents the following proposed jury instructions:

## 1.01
## PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

Beginning with these preliminary instructions and during the trial you will hear me use a few terms with which you may not be familiar. Let me now briefly explain some of the most common to you. You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyers" or "attorneys." I will sometimes refer to myself as the "Court." The prosecution and the defendant are sometimes called the "parties" to this case.

*Duty of the jury:*

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

*Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

2

*Summary of applicable law:*

In this case the defendant is charged with different types of crimes.. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the charged crimes included in the indictment:

The defendant is charged in the indictment with knowingly and willfully participating in an illegal conspiracy to commit the crime of federal program bribery, several individual charges of corruptly and intentionally committing the crime federal program bribery, several charges of traveling in interstate commerce or using the mail or other facility interstate commerce with the specific intent to promote, manage, establish or carry on an unlawful activity and then subsequently knowingly and willfully promote, manage, establish or carry out such unlawful activity, and a charge of corruptly committing the crime of obstruction of justice. You should understand and remember that the charges in the indictment are simply charges by the government to begin a case and that the charges are not, in any sense, evidence of the allegations or statements the indictment contains. I instruct you that you must presume the defendant is not guilty of any and all of the crimes charged in the indictment.

*Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically

3

with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015), as modified.

### 1.03
### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you

4

should follow in your deliberations.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 1.04
## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 1.05
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

This presumption (of innocence) continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant guilty beyond a reasonable doubt.

Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.

There are very few things in this world that we know with absolute certainty, and in criminal

5

cases the law does not require proof that overcomes every possible doubt.

If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015), modified to include the Seventh Circuit Pattern Criminal Jury Instructions § 1.03 (2012) (revised Feb. 2013) and Federal Judicial Center Pattern Criminal Jury Instructions Pt. I, § C, at 28 (1987)

## 1.06
## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 1.07

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

ALTERNATIVE B

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015) (Alternative B).

## 1.08
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

7

The testimony of the defendant should be weighed and his or her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

### 1.14
### INFORMER - IMMUNITY

The testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circum- stances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015) (modified).

### 1.15
### ALLEGED ACCOMPLICE—PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice and a defendant in another criminal case, with whom the government has entered into a plea agreement. This agreement provides for the dismissal of some charges and a non-binding recommendation for a favorable sentence. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that

testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person

## 1.19
## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 1.37
## "KNOWINGLY"-TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 1.38
## WILLFULLY

The word "willfully" as that term is used in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something that the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## CORRUPTLY

The word "corruptly" as that term is used in these instructions, means that the act was committed knowingly and dishonestly, with the specific intent to subvert or undermine the integrity of an official proceeding.

SOURCE:  Fifth Circuit Pattern Criminal Jury Instructions, Nos. 2.63 & 2.64; *see also, United States v. Bedoy,* 827 F.3d 495, 510 (5th Cir. 2016).

## 2.15A
## CONSPIRACY TO COMMIT OFFENSE

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendant is charged with conspiring to commit the crime of federal program bribery.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of federal program bribery as charged in Counts Two, Three and Four in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily estab- lish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who hap- pens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015), as modified.

## 2.33B
## BRIBERY CONCERNING FEDERAL PROGRAMS

Title 18, United States Code, Section 666(a)(1)(B), makes it a crime for anyone who is an agent of an organization, or of a State, local or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance, in any one year period, to corruptly solicit or demand for the benefit of any person, or to accept or agree to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, government, or agency

10

involving anything of value of $5,000 or more.

The defendant has been charged with committing this offense in Counts Two, Three and Four of the indictment. For you to find the defendant guilty of any of the crimes charged in Counts Two, Three and/or Four of the Indictment, you must be convinced beyond a reasonable doubt:

*First,* That the defendant was an agent of the State of Texas;

*Second,* That the State of Texas was an organization that received benefits in excess of $10,000 in any one year charged in Counts Two, Three and/or Four, under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third,* That the defendant corruptly solicited, demanded for the benefit of any person, accepted, or agreed to accept anything of value from any person with the intent to be influenced or rewarded in connection with any business, transaction, government or agency; and

*Fourth,* That the business or transaction involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, office manager and representative. The parties have entered into a stipulation regarding the First element above, in that they agree that the defendant was an agent of the State of Texas during the charged conduct. The parties, however, have not entered into any stipulation with regard to the Second, Third or Fourth elements, as those elements are up to you to decide whether the Government has proven each of such elements beyond a reasonable doubt.

The term "government agency" means a subdivision of the executive, legislative, judicial or other branch of government, including a department, independent establishment, commission, administration, authority, board and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

The term "local" means of or pertaining to a political subdivision within a State.

The term "State" includes a State of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the charged offense or that ends no later than twelve months after the commission of the charged offense. Such period may include time both before and after the commission of the offense.

The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the defendant's conduct directly affected the federal funds received by the agency under the federal program. However, there must be some connection between the alleged criminal conduct and the State government receiving federal assistance.

In determining whether the defendant is guilty of any one or more of the offenses charged in Counts Two, Three and/or Four, do not consider bona fide salary, wages, fees or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015), as modified.

## 2.74
## TRAVEL ACT VIOLATION

Title 18, United States Code, Section 1952(a)(3), makes it a crime for anyone to travel in interstate commerce, or to use the mail, or any facility in interstate commerce, with the intent to commit or facilitate certain unlawful activity, and thereafter perform or attempt to perform that unlawful activity.

The defendant is accused of committing this offense in Counts Five, Six and Seven of the Indictment. For you to find the defendant guilty of any of these charged crimes, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First,* that the defendant traveled in interstate commerce or that he used the mail or other facility in interstate commerce.

*Second,* that the defendant did so with the specific intent to promote, manage, establish, or commit the crime of bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas Penal Code § 36.02; and,

*Third,* that subsequent to the act of travel or use of mail or other facility in interstate commerce, the defendant did knowingly and willfully promote, manage, establish or commit the crime of bribery, contrary to Article XVI, § 41 of the Texas Constitution and Texas Penal Code § 36.02.

Texas Penal Code § 36.02 provides that a person commits the offense of bribery if he intentionally or knowingly solicits, accepts, or agrees to accept from another person:

(1)  any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter;

(2) any benefit as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial proceeding;

(3) any benefit as consideration for a violation of a duty imposed by law on a public servant or party official; or

(4) any benefit that is a political contribution as defined by Title 15, Election Code, or that is an expenditure made and reported in accordance with Chapter 305, Government Code, if the benefit was offered, conferred, solicited, accepted, or agreed to pursuant to an express agreement to take or withhold a specific exercise of official discretion if such exercise of official discretion would not have been taken or withheld but for the benefit. You are instructed that the government must prove beyond a reasonable doubt with direct evidence that there existed an express agreement in order for the defendant to be found guilty under this subdivision (4).

Under Texas law, a person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.

Under Texas law, a person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

In order for you to find that the defendant committed the offense of bribery, as charged in Texas Penal Code, Section 36.02, you must find each of the following beyond a reasonable doubt:

*First,* that the defendant solicited, accepted or agreed from another person any benefit;

*Second,* that the benefit was intentionally and knowingly solicited, accepted or agreed to be accepted from another person with the intent or knowledge that the benefit was being solicited, accepted or agreed to be accepted for the reason or reasons described in subdivision (1), (2), (3) and/or

12

(4), above.

You are instructed, however, that the law provides that it is an exception to prosecution under subdivisions (1), (2) and (3), above, if the benefit is a political contribution as defined by Title 15, Election Code. Accordingly, if you find that the government has proved beyond a reasonable doubt the first and second elements described above as to the circumstances described in subdivisions (1), (2), and/or (3), above, but you have a reasonable doubt as to whether the benefit that is solicited, accepted, or agreed to be accepted under the circumstances described in subdivisions (1), (2) and/or (3), above, is a political contribution, than you must acquit the defendant.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015), as modified; Texas Penal Code, § 36.02.

## **OBSTRUCTION OF JUSTICE**

Title 18, United States Code, Section 1512(c)(1), makes it a crime for anyone to corruptly obstruct, influence, and impede an official proceeding. The defendant is charged with committing this offense in Count Eight of the Indictment.

For you to find the defendant guilty of the crime charged in Count Eight of the Indictment, you must be convinced beyond a reasonable doubt:

*First,* that the defendant obstructed, influenced, and impeded an official proceeding;

*Second,* that the defendant acted corruptly; and,

*Three,* that there existed a nexus between the defendant's obstructive acts and the official proceeding;

The term "impede" as used in this instruction means to interfere with or get in the way of the progress of an official proceeding.

The word "nexus" means that the official proceeding was foreseen by the defendant when he committed his acts; that is to say, the defendant had intended for his actions to likely to affect the official proceeding.

To act "corruptly" is to act knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

SOURCE: *Arthur Anderson LLP v. United States,* 544 U.S. 696, 707 (2005); *United States v. Bedoy,* 827 F.3d 495, 507 (5th Cir. 2016); *United States v. Bennett,* 664 F.3d 997, 1013 (5th Cir. 2011).

### **1.42**
### **CAUTIONARY INSTRUCTION DURING TRIAL—**
### **TRANSCRIPT OF TAPE-RECORDED CONVERSATION**

Government exhibits have been identified as typewritten transcripts of oral conversations which can be heard on the tape recordings received in evidence. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

## 2.05
## DEFENDANT'S FAILURE TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

SOURCE: Seventh Circuit Pattern Criminal Jury Instructions (2012) (revised Feb. 2013).

## 1.24
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the

courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SOURCE: Fifth Circuit Pattern Criminal Jury Instructions (2015).

Respectfully submitted,

/s/ Michael McCrum
Michael McCrum
MCCRUM LAW OFFICE
404 E. Ramsey Rd., Suite 102
San Antonio, TX 78205
(210) 225-2285
(210) 225-7045 (fax)
Attorney for Defendant Rodolfo Delgado

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document has been filed electronically, on this the 26TH day of June 2019 and a copy sent to the United States Attorney's Office, and all other counsel through the court's electronic filing system.

 /s/ Michael McCrum
 Michael McCrum

15