United States District Court
Southern District of Texas
**ENTERED**
September 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CRIMINAL ACTION NO. 4:18-CR-115 |
| RODOLFO RUDY DELGADO | § | |

## ORDER

Before the Court are Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict & Motion for New Trial (the "Motions") (Doc. #140) and the Government's Response in Opposition (Doc. #142). Having reviewed the parties' arguments and applicable legal authority, the Court denies the Motions.

On February 28, 2018, a federal grand jury returned an indictment against Defendant Rodolfo "Rudy" Delgado charging him with three counts of federal program bribery in violation of 18 U.S.C. § 666 and three counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. Doc. #19. On June 19, 2018, the grand jury returned a superseding indictment against Defendant, adding one count of conspiracy to commit federal program bribery in violation of 18 U.S.C. § 371. Doc. #41. On July 25, 2018, the grand jury returned a second superseding indictment against Defendant, adding one count of obstruction of justice in violation of 18 U.S.C. § 1512. Doc. #51. On November 15, 2018, the grand jury returned a third superseding indictment, which corrected errors in the second superseding indictment, but did not add or remove charges. Doc. #68. On July 2, 2019, the criminal trial of Defendant commenced. Through his counsel, Defendant made timely motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the government's evidence and at the close of all evidence. The Court denied both motions on the record. On July 11, 2019, the jury returned a verdict of guilty on all counts.

Now, pursuant to Federal Rule of Criminal Procedure 29, Defendant moves for judgment of acquittal notwithstanding the verdict, arguing that the evidence at trial was insufficient to support the

guilty verdict. Doc. #140 at 2–16. Pursuant to Federal Rule of Criminal Procedure 29, upon motion by the defendant, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). But "the only proper basis for a motion for judgment of acquittal is a challenge to the sufficiency of the government's evidence." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (internal citation omitted). And "this court's review of the sufficiency of the evidence is highly deferential to the verdict." *United States v. Roetcisoender*, 792 F.3d 547, 550 (5th Cir. 2015) (internal citation omitted). Specifically, the Court "must assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *Hope*, 487 F.3d at 227–28 (internal citation omitted). Stated differently, the Court "must affirm [the] conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 300–01 (5th Cir. 2014) (emphasis in original).

Additionally, pursuant to Federal Rule of Criminal Procedure 33, Defendant moves for a new trial, arguing that Defendant was prejudiced when the Court denied Defendant's introduction of certain evidence and that the evidence at trial was insufficient to support the guilty verdict. Doc. #140 at 16–18. Pursuant to Federal Rule of Criminal Procedure 33, upon motion by the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "New trial requests generally take two forms. The first, like sufficiency review, focuses on the evidentiary support for the verdict, with the movant having to show that the verdict is so strongly against the weight of the evidence that it affects the defendant's substantial rights. A new trial request can also be based on procedural problems with the trial if they caused a miscarriage of

justice." *United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018), *as revised* (Aug. 28, 2018), *cert. denied*, 139 S. Ct. 2615 (2019) (internal citation omitted).

After reviewing the trial transcripts of admitted witness testimony, the admitted trial exhibits, the submitted jury instructions laying out the elements of the crimes charged, and the jury verdict, the Court holds that a judgment of acquittal notwithstanding the verdict is not warranted in this case because a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crimes charged had been proven beyond a reasonable doubt. *See Hope*, 487 F.3d at 227–28. Accordingly, pursuant to Federal Rule of Criminal Procedure 29, the Court denies Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict.

Furthermore, the Court holds that a new trial is not warranted because the verdict is supported by the evidence elicited at trial and no procedural problems with the trial causing a miscarriage of justice manifested themselves. *See Hoffman*, 901 F.3d at 552. Accordingly, pursuant to Federal Rule of Criminal Procedure 33, the Court denies Defendant's Motion for New Trial.

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict is hereby DENIED, and Defendant's Motion for New Trial is hereby DENIED.

It is so ORDERED.

**SEP 2 4 2019**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge