UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 18-CR-00115 |
| | § | |
| RODOLFO "RUDY" DELGADO, | § | |
| DEFENDANT | § | |

**SECOND SUPPLEMENT TO
EMERGENCY MOTION FOR COMPASSIONATE RELEASE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

TO THE HONORABLE JUDGE OF THE SOUTHERN DISTRICT OF TEXAS:

NOW COMES, Defendant Rodolfo Delgado, by and through his undersigned attorney, and, submits this Second Supplement to his Emergency Motion for Compassionate Release.

In this rapidly evolving situation, Mr. Delgado offers the following updated information, given the dramatic difference from what had been communicated to the Court in previous pleadings.

**Significant Increase in Inmate Infections.**

As this Court was aware, on April 27th it was reported by BOP that **217 of the 1467 prisoners** were infected by COVID -19. *See* Delgado Motion, Docket No. 191, p. 10.

Five days later, May 2nd, BOP reported **498 inmates** were infected - - **a 229.49% increase**. *See* Delgado Supplement, Docket No. 192, p. 2.

Now, ten days later, May 12th, BOP is reporting **635 inmates** infected - - **a 127.51% increase from ten days earlier**, and **292.62% increase from fifteen days earlier**. In fifteen days, the number of infected inmates at FMC Fort Worth has essentially tripled.

**Increase in Number of Inmate Deaths.**

On April 27th, BOP reported that two inmates had died as a result of COVID-19. *See* Delgado Motion, Docket No. 191, p. 10.

1

Today, BOP's website reports that the number of inmate deaths has tripled. As of today, six (6) inmates have died. Given the medical condition of Mr. Delgado, the facts of two of these deaths bear consideration:

On May 10, BOP issued a press release, announcing that 56 year-old Guadalupe Ramos died. On April 23rd, Mr. Ramos tested positive for the virus and was placed in isolation. On April 24, Mr. Ramos was seen by FMC Fort Worth medical staff for abdominal pain and shortness of breath, and was transported to a local hospital in Fort Worth. Four days later, he was placed on a ventilator. On May 10, he died. Mr. Ramos is reported by BOP as having had "long-term, pre-existing medical conditions which the CDC lists as risk factors for developing more severe COVID-19 disease." Seventeen days after testing positive, Mr. Ramos died.  *See* BOP Press Release, May 10, 2020, attached hereto as Exhibit A.

On May 12, BOP issued another press release, announcing that 56 year-old Vernon Adderley died. On April 24, Mr. Adderley was seen by FMC Fort Worth medical staff for fever, cough, shortness of breath, and other symptoms. He tested positive for COVID-19 and was placed in isolation. On April 29, FMC Fort Worth medical staff observed that he was suffering from dehydration, weakness in his lower extremities, and other symptoms. He was transported to a local hospital. On May 4, he was placed on a ventilator. On May 11, he died. Mr. Adderley is reported by BOP as having had "long-term, pre-existing medical conditions which the CDC lists as risk factors for developing more severe COVID-19 disease."  Seventeen days after exhibiting symptoms, Mr. Adderley died. *See* BOP Press Release, May 12, 2020, attached hereto as Exhibit B.

As described in Mr. Delgado's motion, first supplement, and reply to the government's response, he is afflicted with 6 of the 9 risk factors identified by CDC.

The Government's attorneys argued aggressively in the Government's Response that BOP has the ability to effectively manage the COVID-19 crisis at FMC Fort Worth. The Government has been

silent, however, to address the rapidly increasing number of infections and deaths. It has been silent on distinguishing Mr. Delgado's medical condition from those inmates who have contracted the disease and died quickly due to their long-term pre-existing medical conditions that were identified as risk factors by the CDC.

The penological purposes of sentences that formed the basis of the sentence imposed in the instant case did not contemplate sending Mr. Delgado into an environment where its conditions of confinement are exposing him to a heightened risk of severe illness and death. In short, this Court never contemplated imposing a death sentence. As expressed in Mr. Delgado's Reply to Government's Response, we must be prepared to confront new and unexpected challenges to carrying out legitimate and safe penological purposes; we must be open to evolving standards of decency in meting out sentences. Almost half of the prisoners at this facility have been infected. By all accounts, FMC Fort Worth's response is reactive in nature - - by building tents and isolating prisoners who demonstrate symptoms, it is reacting to the covert virus that is clearly spreading within this facility. By any reasonable standard of analysis, however, the virus will disregard the prison's reactive measures and continue its path through the hallways and cells of this facility, silently striking those unwary of the presence of their enemy.

The Government expressed concern of the imagined public outcry of allowing Mr. Delgado to be released from a prison facility into an extended home confinement with other strict conditions. But by leaving him inside that place where inmates are not adequately protected from the spreading virus and Mr. Delgado being heavily laden with CDC risk factors, what would be the larger message sent to the public about our government representatives' standards of governance in how it will care for its people in a time of crisis?

Sadly and dangerously, Mr. Delgado's plea to this Court is not one of hyperbole. The increasing numbers at this facility speak for themselves. The CDC has given this country the warning signs, if

we will heed them. Mr. Delgado respectfully urges this Court to grant his motion and remove him from this intolerable and unjustifiable risk.

Respectfully submitted,

By: */s/ Michael McCrum*
Michael McCrum
MCCRUM LAW OFFICE
404 E. Ramsey, Suite 102
San Antonio, TX 78216
Telephone:  (210) 225-2285
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

By: */s/ Michael McCrum*
Michael McCrum