UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| | '    CRIMINAL NO. H-18-CR-115-S3 |
| v. | ' |
| | ' |
| RODOLFO "RUDY" DELGADO | ' |

### UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE

The United States of America, by and through undersigned counsel, respectfully submits this supplemental response to the defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i) (the "Motion").  It has come to the government's attention that this Court lacks jurisdiction to consider the motion for compassionate release by Rodolfo "Rudy" Delgado ("Delgado" or "the defendant") because the defendant's appeal of his conviction and sentence divested this Court of jurisdiction to consider nearly every matter relating to the defendant's case, including his sentence.  For these reasons, the Motion should be denied without prejudice.

### Background

As this Court is well aware, and as is discussed in the government's Response to Defendant's Emergency Motion for Compassionate Release [Dkt. 193], the defendant was convicted by a jury of all counts on July 11, 2019.  He was sentenced on September 25, 2019 and on October 3, 2019 noticed his appeal.  On April 27, 2020 the defendant filed his opening appellate brief, challenging his conviction, and therefore his sentence, on every count of conviction.  *See* Ex. A (Delgado's opening brief).  If the defendant prevails on appeal, his convictions could be

completely overturned and his sentences completely vacated.

## Legal Analysis

It is well-settled that a district court is divested of jurisdiction over a criminal case as soon as the defendant files an appeal. *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) ("An appeal divests the district court of its jurisdiction 'over those aspects of the case involved in the appeal'") (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (further internal citations omitted); *United States v. Hernandez-Cuellar*, 793 F. App'x 311 (5th Cir. 2020). "Further, an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *Id*. (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)). The defendant has appealed the judgment as a whole, which divests this Court of jurisdiction to hear his motion for compassionate release.

The current health crisis in the country has resulted in a significantly increased number of motions for compassionate release in courts across the country, but the specific question of a trial court's jurisdiction to consider a defendant's motion for compassionate release during the pendency of appeal has been considered by relatively few courts. Nevertheless, nearly every court that has considered the issue has concluded that it lacked jurisdiction to consider a motion for compassionate release.

For example, the Southern District of New York has found in several cases that a pending appeal divests it of jurisdiction to consider a motion for compassionate release. In *United States v. Martin*, the court stated that "[t]he filing of a notice of appeal is an event of jurisdictional significance" because "it confers jurisdiction on the court of appeals and divests the district court

2

of its control over those aspects of the case involved in the appeal." No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1–2 (S.D.N.Y. Apr. 10, 2020).[1] "Although exceptions to this jurisdictional rule exist . . . the rule does not permit courts to "modify a judgment substantively." *United States v. Vigna*, No. S1 16-CR-786-3 (NSR), 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (citing *United States v. Viola*, 555 F. App'x 57, 60 (2d Cir. 2014)). In *Vigna*, the court explained that it could not hear the defendant's motion for compassionate release because "[t]his bar encompasses motions brought under Section 3582(c)(1)(A)." *Id.* (citing United States v. Martin, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020)).

The Southern District of New York has arrived at the same conclusion as *Martin* and *Vigna* in subsequent cases. *See United States v. Moseley*, No. 16 CRIM. 79 (ER), 2020 WL 1911217, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Valencia*, No. 15 CR. 163 (AT), 2020 WL 1974233, at *1 (S.D.N.Y. Apr. 24, 2020); *United States v. Espinal*, No. 08-CR-242 (ARR), 2020 WL 2092484, at *2 (E.D.N.Y. May 1, 2020). Other courts have taken the same position. *See United States v. Hammond*, No. CR 02-294 (BAH), 2020 WL 1891980, at *1 (D.D.C. Apr. 16, 2020); *United States v. Campbell*, No. 6:06-CR-06105 EAW, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020); *United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020);

An outlier is *United States v. Collins*, wherein the court considered a motion for compassionate release filed by a *pro se* defendant with a lengthy history of filing and withdrawing

---

1     The court in *Martin* noted that it had the power, under Federal Rule of Criminal Procedure 37 to a motion for compassionate release over which it lacks jurisdiction. Fed. R. Crim. P 37; *Martin*, 2020 WL 1819961, at *2. In *United States v. Furaha*, the court denied a motion for compassionate release in a case where a defendant had served only eight months of a 60-month sentence, the Northern District of California denied compassionate release because the defendant "has served only roughly 20 percent of his sentence, and the Court does not find an 80 percent reduction in custodial time to be appropriate." No. 09-CR-00742-JST-1, 2020 WL 2315640, at *4 (N.D. Cal. May 8, 2020). The defendant in *Furaha* was sentenced to the same term of imprisonment as Delgado, but has served more time.

motions for reduction in sentence and other relief. No. CR 04-50170-04, 2020 WL 1929844, at *1 (W.D. La. Apr. 20, 2020). The court acknowledged that the defendant's case was on appeal, but stated, without support, that "this Court believes it has jurisdiction and will proceed to the merits of Collins' request for compassionate release." *Id*. The court proceeded to deny the motion without prejudice because the defendant had not exhausted his administrative remedies. *Id*. at *3. Ultimately, the court's action was consistent with its powers under Federal Rule of Criminal Procedure 37 in denying the motion for compassionate release, so Collins does not stand for the proposition that this Court retains jurisdiction to grant Delgado's motion.

This court should follow the well-established precedent and the position of nearly every other court to address this issue and deny the defendant's motion, without prejudice, for lack of jurisdiction.

## **Conclusion**

For all of the reasons detailed above, we respectfully request the Court deny the defendant's Emergency Motion for Compassionate Release.

| | |
|---|---|
| RYAN PATRICK<br>UNITED STATES ATTORNEY | COREY R. AMUNDSON<br>CHIEF<br>PUBLIC INTEGRITY SECTION |
| /s/Arthur R. Jones<br>Arthur R. Jones<br>Assistant United States Attorney<br>Southern District of Texas<br>Direct Line: (713) 567-9357<br>Email: Arthur.Jones@usdoj.gov | /s/ Peter M. Nothstein<br>Peter M. Nothstein<br>Senior Litigation Counsel<br>Public Integrity Section<br>Criminal Division<br>Direct Line: (202) 616-2401<br>Email: Peter.Nothstein@usdoj.gov |
| /s/ Robert L. Guerra<br>Robert L. Guerra<br>Assistant United States Attorney<br>Southern District of Texas | |

Direct Line: (956) 992-9354
Email: Robert.Guerra@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Arthur R. Jones, certify that a true and correct copy of this notice was served on counsel for defendant via electronic case filing on this, the 15th day of May, 2020.

  /s/ Peter M. Nothstein
Peter M. Nothstein
Senior Litigation Counsel