UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| PLAINTIFF § | | |
| § | | |
| V. § | | CASE NO. 18-CR-00115 |
| § | | |
| RODOLFO "RUDY" DELGADO, § | | |
| DEFENDANT § | | |

**DEFENDANT'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

TO THE HONORABLE JUDGE OF THE SOUTHERN DISTRICT OF TEXAS:

NOW COMES, Defendant Rodolfo Delgado, by and through his undersigned attorney, and, submits this Reply to the Government's Supplemental Response to his Emergency Motion for Compassionate Release.

### I.   Scope of Government's Supplemental Response.

The intent of Defendant was to seek an expedited review of his motion, given the severe consequences of contracting the virus and the rapidly spreading situation within this particular prison. The style of Defendant's motion and the tenor of it made clear the urgency of Defendant's plea. The Court recognized the urgency of the issue by indicating to the attorneys that the Court intended to address this matter on an expedited basis. The Government has filed a response and Mr. Delgado has filed a reply to the Government's response and two supplements to his motion.

On March 15, Government counsel filed a pleading in which they assert that it came to their attention that this Court lacks jurisdiction to entertain Defendant's motion. The tenor and theme of the Government's pleading is that there is nothing that can be done to permit this Court to address Defendant's emergency motion, so long as there an appeal pending. Indeed, the Government asserts Defendant's motion must be dismissed and offers no alternative to the jurisdictional bar.

1

Not included in the Government's pleading, however, is a procedural method by which this Court is legally permitted to consider Defendant's motion.[1]

## II.  Government's Failure to Present Applicable Law.

The Government's pleading aggressively cites multiple cases to support its plea that Defendant's motion must be dismissed for want of jurisdiction. With regards to jurisdiction, of course, the Government was within its right to raise the issue if it so chose. Repeatedly, the Government asserts that district courts cannot address these types of motions once an appeal is initiated. The tenor of its pleading conveys an unequivocal argument that there is no option other than dismissal.

What counsel fails to apprise the Court, however, is that there exist two rules of procedure that squarely provide courts with an avenue of jurisdiction in these types of situations. Included in the Government's pleading are two case citations to support its arguments. The text of counsel's argument relative to these two cases, however, fails to include the fact that these rules of procedure exist. Also absent is whether the Government agrees that these rules apply to the instant situation.

Rule 12.1 of the Federal Rules of Appellate Procedure provides as follows:

> (a) NOTICE TO THE COURT OF APPEALS. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> (b) REMAND AFTER AN INDICATIVE RULING. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Fed. R. App. P. 12.1.

---

[1] Government counsel's unequivocal argument in favor of dismissal for want of jurisdiction, but which fails to include the legitimate procedural option for this Court, coupled with counsel's baseless assertion in a previous pleading that Mr. Delgado is deviously "hiding behind" medical afflictions evidences an unsettling pattern of advocacy to which undersigned counsel has difficulty addressing or understanding.

2

The Committee's Notes to Rule 12.1 specifically provide guidance to district courts in situations that involve motions filed by defendant/appellants for relief under 18 U.S.C. § 3582(c):

> The procedure formalized by Rule 12.1 is helpful when relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal. In the criminal context, the Committee anticipates that Rule 12.1 will be used primarily if not exclusively for newly discovered evidence motions under Criminal Rule 33(b)(1) (*see United States v. Cronic,* 466 U.S. 648, 667 n.42 (1984)), reduced sentence motions under Criminal Rule 35(b), **and motions under 18 U.S.C. § 3582(c)**.

*Id.,* Cmte. Notes on Rules -- 2009 (emphasis added). Clearly, Rule 12.1 is directly applicable to the instant situation, a motion filed by Mr. Delgado under 18 U.S.C. § 3582(c).

Not only is there an appellate rule of procedure, but the Federal Rules of Criminal Procedure also address this situation. Rule 37 provides:

> (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>   (1) defer considering the motion;
>
>   (2) deny the motion; or
>
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) NOTICE TO THE COURT OF APPEALS. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) REMAND. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Crim. P. 37.

The tenor and words expressed in the Government's pleading appears to convey that there was no way to cure the jurisdictional flaw absent a dismissal of Mr. Delgado's appeal. Indeed, it offers no option, but that Mr. Delgado's motion should be denied for lack of jurisdiction. In support, the

Government asserts that "[t]he Southern District of New York has arrived at the same conclusion as *Martin* and *Vigna* in subsequent cases." *See* Govt. Supp. Response, Docket No. 196, p. 3. It argued in the previous paragraph that *Martin* stood for the proposition that a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 2-3. It argued that *Vigna* stood for the proposition that "the rule does not permit courts to 'modify a judgment substantively' . . . [and] '[t]his bar encompasses motions brought under Section 3582(c)(1)(A).'" *Id.* at 3. Apparently, Government was asserting that the Southern District of New York's courts unequivocally hold that a district court is without authority to entertain a Section 3582(c) motion and that there is no alternative absent dismissal of appeal. It could be argued that counsel satisfied their ethical obligation of candor to this Court merely by citing these cases within the string citation of multiple cases in the Government's pleading. After all, this Court and undersigned counsel had the freedom to read each of the multiple cases cited to determine whether there stood an exception within any one of them to the general jurisdictional rule espoused by government counsel. Certainly, the text of the Government's pleading offered no hint of an exception to its unequivocal argument of jurisdictional bar, and one of these cases that discusses this procedural exception (the *Furaha* case discussed below) was not even cited by the Government for the jurisdictional purpose made the basis of the Government's Response. Nevertheless, it is clear that two of the cases the Government cites within its pleading expressly found that a legal procedural/jurisdictional alternative exists for district courts in these situations.[2]

---

[2] As an added factor responsive to the Government's argument that courts in the Southern District of New York have rejected motions on jurisdictional grounds, it should be noted that both of these cases that discuss a procedural/jurisdictional option are from the Southern District of New York.

4

*The Furaha Case.*

In the footnote on page 3 of its Supplemental Response, Government counsel cites *United States v. Furaha.* As evident from the words used in the footnote, the sole purpose the Government cited to this case was to re-urge the only substantive argument it has raised in response to Mr. Delgado's motion - - that the plausibility, indeed the probability, that Mr. Delgado's medical afflictions will inevitably cause him to suffer severe consequences if he contracts the virus is of no matter because he simply has not served enough time in prison. *See* Govt. Supplemental Response, Docket No. 196, n.1. Government fails to mention in its footnote, however, that the district court in the *Furaha* case clearly refers to Rules 12.1 and 37 as a procedural vehicle to entertain motions filed under 18 U.S.C. § 3582(c). The district court in *Furaha* not only agrees that Rules 12.1 and 37's "substantial issue" clause may apply to motions filed under Section 3582(c), but that "at least two other courts have found that a COVID-related motion under Section 3582(c) 'raised a substantial issue' under Rule 37." *See United States v. Furaha,* No. 09-CR-00742-JST-1, 2020 U.S. Dist. LEXIS 81543 at \*\*7-8 (N.D. Cal. May 8, 2020) ("The Court agrees that is has the authority to make an indicative ruling."), citing *United States v. Valencia,* No. 15 Cr. 163 (AT), 2020 U.S. Dist. LEXIS 72599, 2020 WL 1974233 (S.D.N.Y. Apr. 24, 2020) and *United States v. Moseley,* No. 16 Crim. 79 (ER), 2020 U.S. Dist. LEXIS 69400, 2020 WL 1911217 (S.D.N.Y. Apr. 20, 2020).

*The Moseley Case.*

The Government also cites *United States v. Moseley* in a string of citations to support its assertion that the Southern District of New York district courts "arrived at the same conclusion as *Martin* and *Vigna* in subsequent cases." *See* Govt. Supp. Response, Docket No. 196, p. 3 (asserting unequivocally there is a jurisdictional bar and failing to provide another procedural option). The court in *Moseley,* however, raised a procedural alternative available to a district court. It expressly held that "Federal

5

Rule of Criminal Procedure 37 provides the district court with several options," including the "court may . . . (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *United States v. Moseley, supra* at \*2.  Indeed, the *Moseley* court expressly found "that Moseley's petition raises a substantial issue" when addressing a Section 3582(c) motion in the midst of the COVID-19 pandemic:

> The COVID-19 pandemic presents novel questions for both the Bureau of Prisons ("BOP") and the Federal Judiciary, and guidance regarding the treatment of inmates, **especially those, like Moseley, who may be at higher risk of contracting the disease, is changing frequently, as is the situation inside individual facilities.** Absent further factual development, the Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright. These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees that it would be useful to decide the instant motion before it decides the appeal.

*Id.* at \*3 (emphasis added).

Contrary to the theme of the Government's argument, the district court in *Moseley* indeed appears to encourage the circuit appellate court to grant the district court jurisdictional authority on an expedited basis in order to address the "frequently" changing dangerous situation caused by COVID-19.

### III.     Relief Requested.

The Government has raised a jurisdictional bar to this emergency situation.  There exists an emergency within the FMC Fort Worth facility, particularly given the nature of Mr. Delgado's afflictions. The emergency nature of the situation was enhanced by two more deaths that have occurred at FMC Fort Worth since Mr. Delgado filed his last pleading five (5) days ago. One of these deaths in the past days was an older gentleman who started showing symptoms on April 21, was taken to a hospital, but died three weeks later despite the best efforts of prison and hospital personnel to address his symptoms. BOP's public notice of this death indicated that this gentleman was afflicted with several risk factors identified by CDC, similar to Mr. Delgado.

Without the Government's agreement to provide relief to Mr. Delgado from this situation, Mr. Delgado is left with no choice but to request that this Court make "an indicative ruling" that either (1) it would grant Mr. Delgado's motion under Section 3583(c) if the court of appeals remands for that purpose, or (2) Mr. Delgado's motion raises a substantial issue. *See* Fed. R. Crim. P. 37(a)(3); Fed. R. App. P. 12.1(a); *United States v. Maldonado-Rios,* 790 F.3d 62, 64-65 (1st Cir. 2015). Given the emergency state of this situation, Mr. Delgado requests that this Court makes the requested indicative ruling so that Mr. Delgado, in turn, can immediately raise the issue with the Fifth Circuit Court of Appeals in accordance with Rules 12.1 and 37 referenced above.

Respectfully submitted,

By: */s/ Michael McCrum*
Michael McCrum
MCCRUM LAW OFFICE
404 E. Ramsey, Suite 102
San Antonio, TX 78216
Telephone: (210) 225-2285

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

By: */s/ Michael McCrum*
Michael McCrum

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| PLAINTIFF § | | |
| § | | |
| V. § | CASE NO. 18-CR-00115 | |
| § | | |
| RODOLFO "RUDY" DELGADO, § | | |
| DEFENDANT § | | |

**<u>ORDER</u>**

CAME ON TO BE CONSIDERED Defendant's Emergency Motion pursuant to 18 U.S.C. §3582(c)(1)(A)(i) and the government's pleadings file in response thereto. The Government has challenged the jurisdiction of this Court to entertain Defendant's motion. Accordingly, this Court makes the following findings:

Defendant filed a notice of appeal in the instant case and his appeal is pending before the Fifth Circuit Court of Appeals. Defendant's motion filed pursuant to 18 U.S.C. § 3582(c) was filed after Defendant filed his notice of appeal. Defendant has requested that this Court make an indicative ruling pursuant to Rule 37(a)(3), Federal Rules of Criminal Procedure, and Rule 12.1(a) of the Federal Rules of Appellate Procedure.

Based upon the facts presented to this Court in all of the pleadings filed by Defendant and the Government relative to Defendant's Emergency Motion filed pursuant to 18 U.S.C. § 3582(c) and the law set forth in Rule 37(a)(3) of the Federal Rules of Criminal Procedure, Rule 12.1(a) of the Federal Rules of Appellate Procedure, and the Committee Notes of each rule, this Court makes the following indicative ruling:

_____ (1) This court would grant Mr. Delgado's motion under Section 3583(c) if the court

8

of appeals remands for that purpose, or

_____ (2) Mr. Delgado's motion raises a substantial issue.


Dated this _____ day of May, 2020.


                                                                                                  _____
Alfred Bennett
United States District Judge